UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Cr. File No. 08-118 (PAM/AJB) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Nou Chang, et al. | |
| Defendants. | |

This matter is before the Court on Defendants' Objections to the Report and Recommendation ("R&R") issued by Magistrate Judge Arthur J. Boylan on Motions to Sever.[1] The statute requires the Court to review de novo a magistrate judge's decisions on dispositive issues. 28 U.S.C. § 636(b)(1). Having conducted the required review, the Court overrules the objections and affirms the Magistrate Judge.

**DISCUSSION**

Defendants argue that Magistrate Judge Boylan erred in determining that joinder of Defendants was proper. They further assert that, even if joinder was appropriate in the first instance, Magistrate Judge Boylan erred in concluding that Defendants failed to demonstrate the prejudice required for severance under Fed. R. Crim. P. 14.

---

[1] Six Defendants filed Motions to Sever. Only Defendants Vang and Lin objected to the R&R's conclusion that severance is not warranted. In addition, the R&R determined that Defendant Toua Xiong's Motion to Suppress (Docket No. 270) should be denied. Defendant Xiong did not file objections to the R&R, and thus the Court will adopt that portion of the R&R without further comment.

### A.     Joinder under Rule 8(b)

The R&R noted that the preference in the federal system is for joint trials of defendants who are indicted together. (R&R at 4 (citing Zafiro v. United States, 506 U.S. 534, 537 (1993)).) Defendants contend that the Magistrate Judge erred by failing to consider the Eighth Circuit Court of Appeals' conclusion that joinder is appropriate when all joined defendants knew about and participated in the conspiracy alleged in the indictment. See United States v. Saszensky, 833 F.2d 741, 745 (8th Cir. 1987). According to Defendants, there is no evidence that the Defendants knew about the other participants in the alleged marriage-fraud ring.

Although Defendants' knowledge is an important inquiry in evaluating the propriety of joinder, it is not the only the inquiry. Joinder is also proper if there is a "factual interrelationship among the joined defendants and counts." United States v. Matus-Beyliss, No. 4:08-cr-28, 2008 WL 2568271, at *2 (E.D. Mo. Jun. 24, 2008) (citing United States v. Bledsoe, 674 F.2d 647, 656-57 (8th Cir. 1982)). Here, there is a factual interrelationship among the defendants and the counts in the indictment. As in Matus-Beyliss, "[a]ll of the defendants are charged with [essentially] the same offense, occurring over the same period of time and arising out of essentially the same set of operative facts." Id. Moreover, "rarely, if ever will it be improper for co-conspirators to be tried together." United States v. Stephenson, 924 F.2d 753, 761 (8th Cir. 1991). The Magistrate Judge correctly concluded that joinder was proper.

### B.     Severance under Rule 14

Where joinder is otherwise proper, the Court should grant severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants." Zafiro, 506 U.S. at 539. Defendants contend that, because of the large number of defendants in this matter, it will be difficult for a jury to separate the defendants and the trial will be unnecessarily lengthy.

Of the 43 individuals originally indicted, nearly 20 have pled guilty and many more are fugitives. It appears that only 6 or 7 individual Defendants will ultimately proceed to trial. This number is not so large and the facts of the conspiracy are not so complex that a jury will be unable to separate one Defendant from another. The prejudice to which Defendants point is prejudice that can be eliminated with appropriate limiting instructions to the jury. See Saszensky, 833 F.2d 745-46 (noting that district courts should consider factors such as limiting instructions in evaluating prejudice to joined defendant). A trial of 6 or 7 co-Defendants will not be so lengthy as to prejudice any one Defendant. The Court agrees with the Magistrate Judge that a joint trial will be a more efficient use of the Court's resources. (See R&R at 7.) Defendants have failed to establish that a severance is required.

**CONCLUSION**

For the foregoing reasons, and on all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Objections (Docket Nos. 348, 350) are **OVERRULED**;

2. The Report and Recommendation (Docket Nos. 337, 338, 339, 340, 341) is **ADOPTED**;

3. Defendant Mingwen Yang's (2) Motion to Sever (Docket No. 280) is **DENIED**;

4. Defendant Kaneeka Chanthavong's (3) Motion to Sever (Docket No. 290) is **DENIED**;

5. Defendant Chue Dou Vang's (11) Motion for Severance (Docket No. 173) is **DENIED**;

6. Defendant Guangpin Lin's (23) Motion for Separate Trial (Docket No. 298) is **DENIED**;

7. Defendant Toua Xiong's (28) Motion for Severance (Docket No. 268) is **DENIED**; and

8. Defendant Toua Xiong's (28) Motion for Suppression (Docket No. 270) is **DENIED**.

Dated:  August 11, 2008

                                             s/Paul A. Magnuson
                                             Paul A. Magnuson
                                             United States District Court Judge